IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

TOLTEST, INC.,

                      Plaintiff,                      Case No. 3:07 CV 1114

    -vs-

                                                   MEMORANDUM OPINION

NORTH AMERICAN SPECIALTY
INSURANCE CO.

                     Defendant.

KATZ, J.

This is a motion to dismiss for lack of personal jurisdiction brought by Defendant, North American Specialty Insurance Company ("NAS") pursuant to Fed. R. Civ. Proc. 12(b)(2). NAS alternatively moves for transfer under 28 U.S.C. § 1404(a). (Doc. 4.) This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

**I. Background**

Plaintiff TolTest, Inc. ("TolTest") is a national contractor doing business in various states, with its principal offices located in Maumee, Ohio. TolTest entered into a subcontract with ACME Contracting, Ltd. ("ACME") to perform demolition work for a project at the University of Georgia. Subsequently, TolTest, through Wayne Lint (who works in TolTest's Brighton, Michigan office), approached ACME about bidding on further site work at the University of Georgia. Mr. Lint's communications were with David S. MacDonald and Michael Bates of ACME, each of whom worked out of ACME's Northville, Michigan office.

On April 25, 2006 ACME issued its bid to TolTest for the University of Georgia site work, and delivered the bid to Mr. Lint at TolTest's Brighton, Michigan office. In connection with the bid, ACME obtained a bid bond from Defendant NAS. NAS issued the bid bond through its agent, Valenti Trobec

Chandlier, located in Troy, Michigan. The bid bond was delivered by ACME to Mr. Lint at TolTest's Brighton, Michigan office.

Ultimately, ACME did not enter into the contract offered by TolTest, which allegedly differed from the terms of the bid. This divergence subsequently lead NAS to deny TolTest's claim on the bid bond, and caused TolTest to bring this suit against NAS in the Lucas County Common Pleas Court. NAS filed for removal of the matter to this Court and now asks this Court to determine, primarily, whether to exercise personal jurisdiction considering that NAS's place of incorporation and the location of its principal office is the state of New Hampshire; that it lacks an Ohio office or employees; and that—aside from the fortuity of the insured party (TolTest) under one of its Michigan contracts being an Ohio corporation—it lacks sufficient contacts with Ohio.

## II. Standard of Review

"The procedural scheme which guides the district court in disposing of Rule 12(b)(2) motions is well-settled." *Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir.1991). The plaintiff bears the burden of establishing the court's personal jurisdiction over the defendants. *Id.; CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1262 (6th Cir.1996). A plaintiff may not stand on its pleadings alone to meet this burden; he or she must "set forth specific facts showing that the court has jurisdiction." *Theunissen,* 935 F.2d at 1458. *Special Aviation Sys., Inc. v. Aircraft Structures Int'l Corp.*, 323 F. Supp.2d 839, 842 (N.D. Ohio 2004).

## III. Discussion

When a defendant files a motion to dismiss, the plaintiff must establish a prima facie case showing that the movant-defendant is subject to personal jurisdiction in this Court. "To determine whether personal jurisdiction exists over a defendant, federal courts apply the law of the forum state, subject to the limits of the Due Process Clause of the Fourteenth Amendment." *CompuServe,* 89 F.3d at 1262. Ohio's long-arm statute does not extend personal jurisdiction to the limits of due process.

2

*Goldstein v. Christiansen,* 70 Ohio St.3d 232, 238, 638 N.E.2d 541 (1994); *see also Glasstech, Inc. v. TGL Tempering Systems, Inc.,* 50 F.Supp.2d 722, 725 (N.D.Ohio 1999). "Plaintiff, therefore, must show: 1) the defendant is amenable to suit under Ohio's long arm statute, and 2) allowing the defendant to be sued in Ohio does not contravene due process. *CompuServe,* 89 F.3d at 1262; *Highway Auto Sales, Inc. v. Auto-Konig of Scottsdale, Inc.,* 943 F.Supp. 825, 828 (N.D.Ohio 1996)." *Special Aviation Sys., Inc.*, 323 F. Supp.2d at 842.

### A. Ohio's Long-Arm Statute

The Ohio long-arm statute, Ohio Rev. Code § 2307.382(A), states that personal jurisdiction arises from:

> Transacting any business in this state;
> Contracting to supply services or goods in this state;
> Causing tortious injury . . . in this state;
> Causing tortious injury in this state by an act . . . outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state . . . ;
> Causing injury in this state to any person by breach of warranty . . . ;
> Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons
> Causing tortious injury to any person by criminal act . . . ;
> Having an interest in, using, or possessing real property in this state;
> Contracting to insure any person, property, or risk located within this state . . . .

In this case, TolTest argues that subsections (1) and (9) of the long-arm statute reach the bid bond issued by NAS.

### 1. "Transacting Business"

The Ohio Supreme Court has stated that "R.C. 2307.382(A)(1) and Civ.R. 4.3(A)(1) are very broadly worded and permit jurisdiction over nonresident defendants who are transacting any business in Ohio." *Muzzin v. Brooks*, 168 Ohio App.3d 231, 236, 859 N.E.2d 584, 588 (Ohio Ct. App. 2006); *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 53 Ohio St.3d 73, 75, 559 N.E.2d 477 (Ohio 1990). "To transact" means "'to prosecute negotiations; to carry on business; to have dealings.'"

3

(emphasis omitted.) *Id.*, *quoting* Black's Law Dictionary (5th Ed.1979), 1341; *Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232, 236, 638 N.E.2d 541.

Despite the broad application of the transacting business subsection, it is obvious that the subject transaction must involve Ohio in at least some minor way. *See e.g., id.* Here, all negotiations took place in Michigan between Michigan offices and employees; the bid bond was issued in Michigan and delivered to TolTest's Michigan office; and the insured risk was to be a Georgia project. While TolTest asserts that a clause in the bid bond indicated NAS "held and firmly bound [itself] to TolTest, Inc., 1480 Ford Street, Maumee, Ohio 43537," the mere existence of notice as to TolTest's status as an Ohio corporation does not give rise to personal jurisdiction under § 2307.382(A)(1).

### 2. "Contracting to Insure"

TolTest next asserts that the issuance of the bid bond for its benefit subjects NAS to personal jurisdiction under § 2307.382(A)(9). Since TolTest is arguably the insured "person" for the purposes of subsection nine, this Court should find a sufficient jurisdictional showing to reach consideration of the due process constraints on personal jurisdiction.

### B. Constitutional Due Process

In *Special Aviation.*, supra, a court in this district was faced with a personal jurisdiction challenge waged by an out-of-state defendant. As in this case, the *Special Aviation* defendant's contacts with Ohio were limited to those embodied by the contract underlying plaintiff's suit. While *Special Aviation* is not entirely analogous to the case at bar, the instructiveness of its due process analysis guides this Court in the present matter. This area of law is well-established.

The Supreme Court requires that a defendant have "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

4

The Sixth Circuit has provided three criteria for determining the existence of personal jurisdiction resulting from a single act:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.

*Special Aviation*, 323 F. Supp.2d at 844 (citing *CompuServe, Inc.,* 89 F.3d at 1263*; Reynolds v. International Amateur Athletic Fed'n,* 23 F.3d 1110, 1115 (6th Cir.1994); *LAK, Inc. v. Deer Creek Enterprises,* 885 F.2d 1293, 1299 (6th Cir.1989); *In- Flight Devices v. Van Dusen Air, Inc.,* 466 F.2d 220, 226 (6th Cir.1972); *Southern Mach. Co. v. Mohasco Indus.,* 401 F.2d 374, 381 (6th Cir.1968)).

The *Special Aviation* court analyzed the components of these requirements as follows:

> The first issue is whether the defendant purposefully availed itself of the privilege of "acting in" Ohio or "causing a consequence" in Ohio. This "purposeful availment" prong is a "baseline requirement." *In- Flight Devices,* 466 F.2d at 228. A defendant satisfies the purposeful availment requirement when a defendant's contacts create a "substantial connection" with the forum state such that defendant "should reasonably anticipate being haled into court there." *CompuServe, Inc.,* 89 F.3d at 1263 (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474-475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). The Supreme Court offers the following explanation:
>> where the defendant "deliberately" has engaged in significant activities within a state or has created "continuing obligations" between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by "the benefits and protections" of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.
>
> *Burger King Corp.,* 471 U.S. at 475-476, 105 S.Ct. 2174 (1985) (citations omitted); *see also Highway Auto Sales, Inc.,* 943 F.Supp. at 830.
>
> In determining what constitutes "significant" or "substantial" contacts, "the Supreme Court has determined that merely entering into a contract with a resident of the forum state, without more, does not 'automatically establish sufficient minimum contacts.' " *Highway Auto Sales Inc.,* 943 F.Supp. at 830 (quoting *Burger King Corp.,* 471 U.S. at 478, 105 S.Ct. 2174 (1985)); *see (also Hoopeston Canning Co. v. Cullen,* 318 U.S. 313, 316, 63 S.Ct. 602, 87 L.Ed. 777 (1943)). To make the determination, the court should evaluate prior negotiations, future consequences, and the terms of the contract. *Id.*

5

*Special Aviation*, 323 F. Supp.2d at 844-45.

In this case, all negotiations involving the bid bond took place in Michigan between employees of TolTest and NAS located and employed in that state. Additionally, the bid bond was intended to secure a one-time obligation arising over 500 miles beyond Ohio's borders. Under these circumstances, it can hardly be said that NAS purposefully availed itself of Ohio law or that it undertook any continuing obligations to Ohio residents. Similarly, the project does not seem to threaten future consequences within this State.

In sum, TolTest has failed to meet its burden of establishing this Court's personal jurisdiction over NAS.

**IV. Conclusion**

Defendant NAS's 12(b)(2) motion to dismiss (Doc. 4) is hereby granted. The case is dismissed without prejudice.

IT IS SO ORDERED.

    s/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE